JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Herman Allen III ("Allen"), appeals his conviction after a jury trial in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} On May 2, 2004, the victim, Charles Suggs ("Suggs"), drove his girlfriend's Dodge Neon to Ruble Court in Cleveland to buy drugs from Allen. Suggs knew Allen from his childhood, and they had arranged this meeting so Suggs could purchase an ounce of marijuana from Allen for $100. Suggs parked behind some apartment buildings. Allen arrived with a juvenile male and both entered Suggs's vehicle, Allen in the front and the juvenile in the back.
 {¶ 3} The juvenile stayed in the car while Allen went to a nearby gas station. Upon return, all three exited the car to urinate. Then, the three re-entered the car and sat in the same spots. Allen showed Suggs the marijuana, and Suggs put the two half-ounce bags in his pocket and began to pull out his money. Suggs testified that he had pulled out approximately $300 when he heard three gun shots. Suggs stated that he did not see the gun, but that when he grabbed his side, he saw Allen turning away and exiting the car. Suggs stated that his legs went numb and he tried to exit the vehicle, but fell to the ground. He then tried to pull himself back into the vehicle. Meanwhile, Allen walked by Suggs and tried to take his cell phone out of his hand. Allen and the juvenile then left the area.
 {¶ 4} While on routine patrol, CMHA police officers Moskal and Flippen noticed a red Dodge Neon driving in reverse with both front doors open and the victim hanging out of the driver's door. Suggs was holding the steering wheel, but his legs were dragging alongside the car while it turned in circles in the parking lot. As the police pulled up, a greenish car containing two males drove past them in the opposite direction. Officer Moskal testified that two children remarked that they just let the shooter leave.
 {¶ 5} Both officers then approached the car, telling Suggs to put the emergency brake on. When the car stopped, Suggs fell the rest of the way out of the car. Officer Moskal lifted Suggs's shirt and saw what appeared to be a gunshot wound in his upper chest. When asked who did this to him, Suggs stated that Herman Allen had shot him and gave the officers a description of Allen. The description was relayed to dispatch, and EMS was called to the scene.
 {¶ 6} At the scene, ten baggies of marijuana were discovered, as well as one shell casing from a nine millimeter bullet. The testimony revealed that Suggs had marijuana with him when he met with Allen to buy more. Suggs testified that he was an addict who smoked marijuana on a daily basis and had smoked approximately three marijuana cigarettes on the day of the shooting. Suggs also testified that he had approximately $2,100 with him in order to purchase a car and that Allen had taken approximately $300 from him.
 {¶ 7} Suggs was transported to the hospital. At the hospital, two bags of marijuana and $2,105 were removed from Suggs's person. Suggs remained in the hospital for two months. At trial, he was in a wheelchair because of his spinal cord injury, but he is expected to walk again.
 {¶ 8} Allen was charged with two counts of felonious assault, one count of aggravated robbery, and one count of attempted murder; each count had one- and three-year firearm specifications. The case proceeded to jury trial. Pursuant to Crim. R. 29, the trial court dismissed the aggravated robbery count and the three-year firearm specifications on the remaining counts, without objection by the prosecutor.[1] Allen was convicted of two counts of felonious assault and one count of attempted murder and all the one-year firearm specifications. Allen appeals, advancing one assignment of error for our review, which states:
 {¶ 9} "The evidence was insufficient to support the convictions for felonious assault and attempted murder."
 {¶ 10} Allen makes several arguments to support his allegation that the evidence was insufficient to support a conviction. First, Allen argues that the evidence was insufficient to prove that he was the shooter. Allen claims that the angle in which the bullets entered and exited Suggs's body is more consistent with shots fired by the rear seat occupant reaching over the front seat and firing at a downward angle. Also, Suggs never actually saw the gun. Further, Allen states that the backseat passenger is also charged with the same crime.
 {¶ 11} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 12} The evidence revealed that Suggs knew Allen well, Allen was in the front passenger seat (to Suggs's right) when Suggs was shot, Suggs did not see the gun but heard and felt the shots, Suggs saw Allen turn and exit the auto after he was shot, and Suggs did not see the backseat passenger do anything but exit the car. Suggs testified and told officers at the scene and in the hospital that Allen was the person who shot him. Suggs's testimony was not contradicted.
 {¶ 13} We find that there is sufficient evidence to conclude that Allen was the shooter. There is no evidence in the record that suggests that anyone other than Allen could have shot the victim. The fact that the backseat passenger is also charged in connection with this crime has no bearing on Allen's culpability. The backseat passenger may be charged as an aider and abetter under R.C. 2923.03.
 {¶ 14} Allen also contends that the state did not present evidence of motive and that there was no evidence of intent for either the felonious assault or the attempted murder.
 {¶ 15} Section 409.01 of the Ohio Jury Instructions state "[p]roof of motive is not required. The presence or absence of motive is one of the circumstances bearing upon [intent](purpose)[and] (knowledge)." It has long been held that motive is not an element that needs to be established to warrant a conviction. See State v. Lancaster (1958), 167 Ohio St. 391, paragraph two of the syllabus. Further, proof of motive does not establish guilt, nor does want of proof thereof establish innocence; and, where the guilt of the accused is shown beyond a reasonable doubt, it is immaterial what the motive may have been for the crime, or whether any motive is shown. Id.
 {¶ 16} In this case, there is evidence in the record that Allen may have taken money from Suggs and that he tried to take his cell phone. Nevertheless, Allen's motive or lack thereof is inconsequential; it is just a factor that may be considered by the jury. The state need not prove motive.
 {¶ 17} Allen was convicted of two counts of felonious assault in violation of R.C. 2903.11(A), which states, in pertinent part, "did knowingly do * * * the following: (1) Cause serious physical harm to another * * * [and] (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B).
 {¶ 18} Allen was also convicted of attempted murder in violation of R.C. 2903.02(A) and 2923.02(A), which prohibit a person from purposely attempting to cause the death of another. A person acts purposely when it is his specific intention to cause a certain result. R.C. 2901.22(A).
 {¶ 19} "Intent may be inferred from the circumstances surrounding the crime." State v. Johnson (2001), 93 Ohio St.3d 240, syllabus. Allen's intent may be inferred from the fact that he shot Suggs three times. When someone shoots a person with a gun, he is aware that his conduct will probably cause a certain result, in this case, serious physical harm.
 {¶ 20} The medical testimony and records indicate that Suggs was shot three times on the right side, in the chest area near the armpit. The bullets came in through the right side; one went through the kidney, one went through the small bowel, and one went through the L-2 vertebral body. One bullet remained in Suggs's body, and the other two exited his lower back and went into the car seat.
 {¶ 21} The fact that Allen shot Suggs three times in the chest indicates that he had the specific intent to cause or attempt to cause Suggs's death. We find, therefore, that there was sufficient evidence to find Allen guilty beyond a reasonable doubt.
 {¶ 22} Allen's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Kilbane, J., concur.
[1] This court is perplexed that the trial court would dismiss the three-year firearm specifications when it is clear that a gun was used in the commission of this offense. The victim has three bullet holes in him.